IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ROBERT LONG, JR., | : | Civil No. 1:22-CV-00886 |
| Plaintiff, | : | |
| v. | : | |
| SCI-BENNER TOWNSHIP, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are Defendants' motions to dismiss Plaintiff's amended complaint, Docs. 20, 21, and Defendant Khatri's motion to dismiss for failure to prosecute, Doc. 31. For the reasons discussed below, the court will grant Defendants' motions to dismiss for failure to state a claim and deny Defendant Khatri's motion to dismiss for failure to prosecute as moot.

### BACKGROUND AND PROCEDURAL HISTORY

John Robert Long, Jr., ("Plaintiff"), an inmate currently housed at State Correctional Institution Rockview, initiated this action by filing a complaint under 42 U.S.C. § 1983 on in June of 2022 against State Correctional Institution Benner Township ("SCI-Benner Township"). (Doc. 1.) The complaint was dismissed on July 15, 2022 under 28 U.S.C. § 1915(e)(2)(B)(ii) because a prison is not a proper defendant in claims under 42 U.S.C. § 1983. (Doc. 9.)

1

The court received Plaintiff's amended complaint on August 5, 2022 naming Morris Houser ("Houser"), Warden at SCI-Benner Township, and Dr. Khatri ("Khatri"), Psychiatrist at SCI-Benner Township, as defendants. (Doc. 10, pp. 2–3.)[1] Plaintiff alleges that Defendant Khatri told him that the Department of Corrections ("DOC") does not provide inmates with Wellbutrin or Seroquel. (*Id.*, p. 4.) He states that Defendant Khatri "insisted on trying alternative medications to try and treat my illness[es] or my psychological diagnosis." (*Id.*) He alleges that he functions normally while on the Wellbutrin and Seroquel, and "I don't understand why Dr[.] Khatri will not prescribe me my Normal medications. She lies to me when she says the DOC does not allow her to prescribe Wellbutrin and Seroquel to me. I know a dozen or more inmates who are currently receiving Wellbutrin and [Seroquel] . . . at SCI Benner Township." (*Id.*) Under the Legal Claims section of the amended complaint, Plaintiff raises Eighth and Fourteenth Amendment claims, and states that "Dr[.] Khatri has an obligation to properly and fully take care of her patients by law and she is failing to do so with myself." (*Id.*, p. 5.) As an injury, Plaintiff alleges mental incapacity "to properly function as a normal inmate or person. Inability to focus on anything long enough to absorb infor[mation]." (*Id.*)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Defendants were served with the amended complaint. (Docs. 11, 15, 16, 19.) On October 7, 2022, Defendants filed motions to dismiss for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Docs. 20, 21.) On October 18, 2022, Defendant Khatri filed notice of intent to enter a judgment on non pros against Plaintiff for failing to file the required certificate of merit under Pa.R.C.P. 1042.7. (Doc. 22.) Defendants filed briefs in support of their motions to dismiss on October 20, 2022 and October 21, 2022. (Docs. 23, 24.) Plaintiff filed a "motion to not dismiss," which this court construes as a brief in opposition. (Doc. 29.) The motions are now ripe to be addressed by this court.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Benner Township, located in Centre County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the

complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

### DISCUSSION

**A. All Claims Against Defendant Houser Will Be Dismissed.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a

person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (citations and quotations omitted).

Plaintiff has failed to allege that Defendant Houser had any personal involvement in the denial of Plaintiff's preferred medications. (Doc. 10, p. 4.) Therefore, Defendant Houser's motion will be granted, and the claims against him will be dismissed.

### B. All Claims Against Defendant Khatri Will Be Dismissed.

Plaintiff raises Eighth Amendment and Fourteenth Amendment claims against Defendant Khatri. (Doc. 10, p. 5.) He also attempts to plead the elements of a state negligence claim: "Dr[.] Khatri has an obligation to properly and fully take care of her patients by law and she is failing to do so with myself, by not providing me my proper normal medications." (*Id.*) Therefore, the court will now address all three claims.

## 1. Eighth Amendment Claim

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted). A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d

Cir.1979)).  Mere disagreement over proper treatment does not state a claim upon which relief can be granted.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

    Here, the amended complaint clearly sets forth a claim that Plaintiff disagrees with Defendant Khatri's treatment, but not that Defendant Khatri was deliberately indifferent and liable under the Eighth Amendment.  The petition states that Defendant Khatri is trying alternative medications to treat his mental health diagnoses.  Therefore, Plaintiff is receiving treatment.  As such, Plaintiff's Eighth Amendment claim will be dismissed.  Because Plaintiff is receiving treatment, Plaintiff cannot succeed on an Eighth Amendment deliberate indifference claim.  Therefore, any opportunity to amend the petition in pursuit of such a claim would be futile, and the claim will be dismissed with prejudice.

    **2. Fourteenth Amendment Claim**

    Plaintiff also attempts to bring a due process claim against Defendant Khatri. (Doc. 10, p. 5.)  The Fourteenth Amendment provides, in pertinent part, that no State shall "deprive any person of life, liberty, or property, without due process of

law[.]" *See* U.S. Const. amend. XIV. The Fourteenth Amendment due process claim requires that a liberty interest be at stake:

> Procedural due process rights are [only] triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.E.2d 418 (1995). In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement; and (2) whether the conditions of confinement were significantly more restrictive than those imposed upon other inmates in solitary confinement. *See id*. at 468, 115 S.Ct. 2293; *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000).

*Huertas v. Sec'y of Pa. Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013).

However, Plaintiff's amended complaint addresses a deliberate indifference claim under the title of a due process challenge. (Doc. 10.) Plaintiff's deliberate indifference claim will not succeed. *See supra*. As such, this claim is duplicative and will likewise be dismissed with prejudice.

### 3. Negligence Claim

In Pennsylvania, medical negligence, or medical malpractice, is defined as "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal*, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003) (citing *Hodgson v. Bigelow*, 7 A.2d 338 (Pa. 1939)). To establish a cause of action for negligence under Pennsylvania

9

law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.  *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)).

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff alleging professional negligence to file a certificate of merit within 60 days of filing the complaint.  Pa. R. Civ. P. 1042.3.  The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell outside acceptable professional standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed.  Pa. R. Civ. P. 1042.3(a)(1)-(3).  Failure to file a certificate of merit is fatal to a plaintiff's claim.  Pa. R. Civ. P. 1042.7.

The requirements of Rule 1042.3 are substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim.  *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011); *Iwanejko v. Cohen &*

10

*Grigsby*, P.C., 249 F. App'x 938, 944 (3d Cir. 2007).  This requirement applies with equal force to counseled complaints and to *pro se* medical malpractice actions brought under state law.  *See Hodge v. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence claim for failure to file a certificate of merit).

The Pennsylvania Supreme Court has noted that "[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Toogood*, 824 A.2d at 1145.  A very narrow exception applies "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons."  *Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997).

Plaintiff has failed to provide the required certificate of merit.  Therefore, the negligence claim will be dismissed without prejudice to Plaintiff bringing such a claim in state court as all Plaintiff's constitutional challenges triggering supplement jurisdiction, will be dismissed with prejudice.  *See Stoud v. Abington Mem. Hosp.*, 546 Supp. 2d 238, 250 (E.D. Pa. 2008) ("[T]he proper procedure in federal practice is to file with the Court a motion pursuant to Fed. R. Civ. P. 12(b)

to dismiss the professional negligence claim without prejudice" based on this missing certificate of merit.).

### C. Defendant Khatri's Motion to Dismiss for Failure to Prosecute Will be Denied as Moot.

Defendant Khatri filed a motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41. (Doc. 31.) Essentially, Defendant Khatri argues that Plaintiff's brief in opposition failed to address the motion to dismiss that she filed. (Doc. 32.) However, seeing as Plaintiff's amended complaint will be dismissed under Defendant Khatri's motion to dismiss for failure to state a claim, the motion to dismiss for failure to prosecute will be denied as moot.

### CONCLUSION

Accordingly, the court will grant Defendants' motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Seeing as this is Plaintiff's second attempt to state his claims and he admits to receiving treatment, the court finds that allowing him further attempts to amend his pleadings would be futile. *See Phillips*, 515 F.3d at 245. Therefore, the constitutional claims brought in the amended complaint are dismissed with prejudice. The state law claim of negligence against Defendant Khatri is similarly dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6), but is dismissed without prejudice to such a claim being brought in state court. Considering the amended complaint will be dismissed with

no opportunity to amend, Defendant Khatri's motion to dismiss for failure to prosecute will be denied as moot.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: August 2, 2023